UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY M. STRONG,<br><br>        Plaintiff,<br><br>v.<br><br>USPS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 23-cv-11034-JEK<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**KOBICK, J.**

For the reasons set forth below, the Court allows plaintiff Gregory Strong's Application to Proceed Without Prepayment of Fees, allows his request to receive electronic notifications, and denies without prejudice his request for appointment of counsel. If Strong wishes to proceed with this action, the Court grants him time to file an amended complaint that sets forth a basis for this Court's subject matter jurisdiction and a plausible claim upon which relief may be granted.

**I.  Background.**

Plaintiff Gregory M. Strong, who is self-represented, brings this action against the United States Postal Service ("USPS"). ECF 1. He seeks to proceed *in forma pauperis*. ECF 2.

Strong's complaint alleges that USPS has not honored Strong's hardship letter seeking to have USPS deliver packages directly to his door due to his medical condition. ECF 1, at 3-4, 6, 9-10 Strong seeks to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331 and asserts a claim for "mail fraud." *Id.* at ¶ II(A). Strong states that he uses a rollator, *id.* at 9, *id.* at ¶ III, and submits a letter from a medical provider stating that he has a chronic medical condition. *Id.* at 10. According to Strong, he has had many packages "go missing" and he filed "a police

report for one package that cost [him] $52." *Id.* at 8. As relief, Strong states that he "want[s] to settle but [he has] a jury award if it has to be." *Id.* at ¶ IV.

On May 14, 2024, Strong filed a letter requesting electronic notifications in this case and appointment of counsel. ECF 4.

## II.     Motion for Leave to Proceed In Forma Pauperis.

After review of Strong's motion for leave to proceed *in forma pauperis*, the Court concludes that Strong is without assets to pay the filing fee and ALLOWS the motion.

## III.    Screening of the Complaint.

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'The fundamental purpose'" of this pleading rule "'is to protect a defendant's . . . right to know in advance the nature of the cause of action being asserted against him.'" *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint must contain "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Invs. v. AMAG Pharms., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013)

(quoting *Ocasio-Hernández v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In evaluating whether a complaint states a plausible claim, [the court] 'perform[s] [a] two-step analysis.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Second, the court must determine whether the factual allegations present a "'reasonable inference that the defendant is liable for the misconduct alleged.'" *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

In conducting this review, the court construes the complaint liberally because Strong is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**IV.  Discussion.**

Strong's complaint does not meet the standard for a "short and plain statement" of his claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). As a threshold matter, it is unclear what legal claims Strong asserts. He states that he brings this action for "mail fraud," ECF 1, ¶ II(A), but does not identify the federal law giving rise to his claims.

To the extent Strong seeks to assert criminal charges against USPS, he does not have

standing to prosecute criminal charges against others. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). And the mail fraud statute, 18 U.S.C. § 1341, does not provide a civil remedy. *See Liu v. Amerco*, 677 F.3d 489, 494 (1st Cir. 2012); *Holscher v. Hess*, No. 20-35049, 837 F. App'x 560, 560 (9th Cir. 2021) (no private right of action for mail fraud under § 1341).

Strong's contention that USPS failed to honor his hardship letter suggests that he may seek to assert a claim under Section 504 Rehabilitation Act of 1973 based upon USPS's alleged failure to accommodate his disability.[1] To make out a Section 504 claim, plaintiff must allege: "(1) that [he] is disabled; (2) that [he] sought services from a federally funded entity; (3) that [he] was 'otherwise qualified' to receive those services; and (4) that [he] was denied those services 'solely by reason of [his] . . . disability.'" *J.S.H. v. Newton*, 654 F. Supp. 3d 7, 21 (D. Mass. 2023) (quoting *Lesley v. Hee Man Chie,* 250 F.3d 47, 52-53 (1st Cir. 2001)).

Strong has an obligation to set forth factual allegations that would permit a person unfamiliar with his communications with USPS to understand what specific acts of alleged

---

[1] Section 504 of the Rehabilitation Act provides that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

misconduct gave rise to this action. Accordingly, this action will be dismissed in 28 days unless Strong files an amended complaint that cures the pleading deficiencies of the original complaint and sets forth a plausible claim upon which relief may be granted.

Any amended complaint—a new stand-alone document—must set forth a basis for this Court's jurisdiction as well as a plausible claim upon which relief may be granted. In preparing an amended complaint, Strong should, in sequentially numbered paragraphs, clearly and succinctly set forth the relevant factual allegations and identify each legal claim he wishes to assert. If an amended complaint is filed, it will be further screened. While Strong may include exhibits that are relevant to his claims, *see* Fed. R. Civ. P. 10(c), any documents referenced as exhibits must be attached to the amended complaint.

**V.    Conclusion.**

For the foregoing reasons, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis* is ALLOWED.

2.    The request to receive electronic notifications is ALLOWED.  The Clerk shall add Gregorystrong20@gmail.com as the electronic notification for this case.

3.    The request for appointment of counsel is DENIED WITHOUT PREJUDICE.

4.    If the plaintiff wishes to proceed with this action, he must, on or before July 18, 2024, file an amended complaint that cures the pleading deficiencies and sets forth a plausible claim upon which relief may be granted. Failure to comply with this directive within 28 days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Julia E. Kobick
Julia E. Kobick
Dated: June 20, 2024                                      United States District Judge